Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Michael A. Slater (SBN 318899)
E-mail: mslater@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendant
COUNTY OF SAN JOAQUIN

Adante D. Pointer (SBN 236229)
E-mail: apointer@lawyersftp.com
Patrick M. Buelna (SBN 317043)
E-mail: pbuelna@lawyersftp.com
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison Street, Suite 140
Oakland, California 94612
Tel: (707) 805-7805

Attorneys for Plaintiffs MELBA
SHAHEED and HANEEF SHAHEED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELBA SHAHEED, individually and as co-successor-in-interest to EBIMOTOMI AREICE SUALLA; HANEEF SHAHEED, individually and as co-successor-in-interest to EBIMOTOMI AREKE SUALLA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:21-cv-01109 JAM DB<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulation for a Protective Order is entered into among counsel for all the parties to this case.

**1.      PURPOSES AND LIMITATIONS**

Disclosures and discovery in this action may involve confidential, proprietary, or private information for which protection from unnecessary disclosures and from use for purposes other than this litigation may be warranted. Accordingly, the parties stipulate and respectfully request the Court to enter the following Stipulated Protective Order. The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from disclosure or use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties also acknowledge that entry of this Order does not prevent a Producing Party from attempting to maintain confidentiality or other rights by either not producing, or redacting, information that is privileged, protected, or subject to privacy rights, and entry of this Order does not mean a Receiving Party cannot challenge such non-production or redaction. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures the parties must follow and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.      DEFINITIONS**

2.1     Authorized Third Party: Experts and professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items (also referred to as "Confidential Information"):  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable privileges or protections. This includes without limitation medical and psychotherapeutic records; protected health information under the Health Insurance Portability and Accountability Act; peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, and 832.7 and

case law; and other confidential records designated as such. However, this information does not include information that would otherwise be deemed *not* confidential and subject to a public records request under California Penal Code Sections 832.7(b)(1)(A)(ii) or (b)(2).

2.4   <u>Counsel</u>:  attorneys who are retained or employed to represent or advise a party(ies) to this action.

2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been previously qualified as an expert in a court of law in the specific field of expertise for which he or she is being retained and who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8   <u>Non-Party</u>:  any natural person or entity not named as a Party to this action.

2.9   <u>Party (or Parties)</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staffs).

2.10   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as either "CONFIDENTIAL." (The term "CONFIDENTIAL" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and Protective Order.)

2.13   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, communications, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or which becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. This Stipulation and Order does not apply to any use of Protected Material at trial.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify, so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

By designating any information or items as Protected Material, the Designating Party and its counsel represents, in good faith, that such designation is appropriate to maintain the confidential nature of the information based on a reasonable belief of confidentiality. Mass, indiscriminate, or routinized designations of materials, documents, items, or communications that do not qualify as confidential or protected are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, a Designating Party must clearly designate Disclosure or Discovery Material that qualifies for protection under this Order before disclosing or producing the material. Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony that is Protected Material.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    5.4    <u>Alteration of Confidentiality Stamp</u>. A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulation and Order. However, nothing in this section shall be construed as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of Section 6, below.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of Protected Material at any time. Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable, substantial unfairness; unnecessary economic burdens; or a significant disruption or delay of the litigation; a Party does not waive its right to challenge a designation of Protected Material by electing not to challenge a designation promptly after a Designating Party designates material as Protected Material.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice (which may be by email) of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the Protected Material is being made in accordance with this specific paragraph of this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of the transmission of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within 14 days of the date of transmission of the written notice.

      6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, any Party or Non-Party may seek relief from the Court, either by motion pursuant to Rules 230 and 251 of the Eastern District Local Rules or in accordance with the informal telephonic conference procedure Magistrate Judge Deborah Barnes offers.

Frivolous challenges or refusals to change a designation of Protected Material, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the offending Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until either (i) the Designating Party(ies) and Challenging Party(ies) expressly agree in writing to the contrary or (ii) the Court rules in favor of the challenge. The burden of persuasion in any challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention.

**7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Party or Non-Party in connection with this case only for purposes of this lawsuit (including any appeals). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. See Section 15, below. A Receiving Party may not use Protected Material for any purpose outside of this litigation.

      7.2    <u>Disclosure of CONFIDENTIAL INFORMATION</u>. Unless otherwise ordered by the Court or expressly permitted in writing by the Designating Party, Protected Material produced pursuant to this Order and marked as CONFIDENTIAL INFORMATION may be disclosed only

to the following persons:

    (a) Counsel for the Parties and employees of Counsel for the Parties and their co-counsel, including attorneys, support staff, legal assistants, paralegals, investigators and clerical staff who are engaged in assisting in this action;

    (b) Parties and their employees;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (also referred to as a "Third Party Confirmation");

    (d) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e) The Court and its personnel (but only in accordance with paragraph 13.3, below);

    (f) Court or shorthand reporters, deposition videographers, and their staff;

    (g) During their depositions, Non-Party witnesses in the action. A Party wishing to use Protected Material during the deposition of a Non-Party witness shall consult with the Designating Party, and, if the Designating Party so requests, shall require the witness to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before the Party may show or present the Non-Party witness with any Protected Material. At the request of the Designating Party, any exhibit containing Protected Material and any pages containing transcribed deposition testimony that reveals Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.3    <u>Depositions</u>. As a condition to a party's ability to (a) mark as an exhibit in deposition any Protected Material or (b) designate any question or answer at deposition as Protected Material, counsel shall do all of the following at or before the time the court reporter receives such Protected Material:

(a) The Party (or counsel) marking the exhibit or designating the question or answer as Protected Material shall direct the court reporter to place such Protected Material under seal.

(b) The Party (or counsel) marking the exhibit or designating the question or answer as Protected Material shall give a copy of this Protective Order and the Third Party Confirmation to the court reporter and obtain and provide to all other counsel the signature of the court reporter on the Third Party Confirmation.

## 8. MARKING OF DEPOSITION TRANSCRIPTS

Deposition transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party offering or sponsoring the witness or presenting the testimony. The Parties may modify this procedure for any particular deposition or proceeding by express oral stipulation on the record of the deposition or expressly in writing without further order of the Court, in either case making express reference to this paragraph 8.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party and Counsel of Record for all other Parties. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; notwithstanding the foregoing, however, a Party served with a subpoena or court order issued in other litigation that compels disclosure of information or items designated in this action as "CONFIDENTIAL" may comply

with it unless the Designating Party timely seeks a protective order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination on the application or motion for a protective order unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the provisions, procedures, remedies, and relief provided by this Order. Moreover, nothing in this Order prohibits a Party or Non-Party from seeking additional protections or modifications to the protective designation.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a Stipulated confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks

a protective order or other relief, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized in this Stipulated Protective Order, the Receiving Party must immediately (a) use its best efforts to retrieve all unauthorized copies of the Protected Material, (b) inform the person(s) to whom unauthorized disclosures were made of the terms of this Order and provide such person(s) a copy of this Order, and (c) request such person(s) to sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If a Producing Party gives notice to a Receiving Party that material it inadvertently produced is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), to the extent the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Protective Order shall prevent the Parties from seeking to amend or modify this Protective Order (but no amendment or modification is enforceable unless it is signed by each of the Parties, expressly stating it amends or modifies this Protective Order, and entered as an order), nor shall it prevent any Party from moving for amendment or modification of this Protective Order or other relief either during or after the conclusion of this lawsuit.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Use of Protected Material. A Receiving Party wishing to file or submit Protected Material to or with the Court, including without limitation in any proceeding in this case or on any appeal (such as, without limitation, in connection with a motion or trial) may not do so until it has obtained either express written consent of the Designating Party or an order of the Court under either Local Rule 141 or 141.1 or otherwise, but may do so by filing the Protected Material *in camera*.

13.4    Publication Dissemination of Protected Material. A Receiving Party shall not publish, release, leak, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and Order, nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material to any news media, member of the press, website, or public forum, except as permitted under Section 13.3.

13.5    Right to Use Own Material. Nothing in this Protective Order shall limit a Party's right to use its own Protected Material as it deems appropriate.

13.6    Consent to Jurisdiction. Anyone who receives any Protected Material agrees to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of, this Order.

13.7    Attorneys' Fees and Costs. If there is a breach of this Protective Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in enforcing this Protective Order pursuant to Fed. R. Civ. P. 37.

**14.    MAINTENANCE OF WRITTEN RECORD**

Counsel for each Party shall maintain, through the conclusion of this action, including any appeals, a written record of the date on which each Authorized Third Party was provided with any Confidential Information, a copy of this Protective Order, and each Third Party Confirmation.

**15.    SAFEKEEPING**

Each Party and their counsel shall maintain the Protected Material in a folder or other container (whether in paper or electronic form) in a manner designed to preserve the confidential nature of it. The outside of such folder or container shall be conspicuously marked or titled "CONFIDENTIAL" and, if in paper form, shall have a copy of this protective order affixed to the outside of it in a manner designed to provide reasonable notice that the folder or container contains confidential records or information.

**16.  FINAL DISPOSITION**

Within 30 days after the conclusion of this lawsuit and any appeals, as defined in paragraph 4, each Receiving Party shall, at the option of the Designating Party, which it shall designate expressly in writing, either return or destroy all Protected Material received from the Designating Party. Counsel shall promptly certify in writing to the return or destruction of all such information.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

As authorized on:  October 12, 2021          **POINTER & BUELNA, LLP**

By:  */s/ Patrick M. Buelna*
Adante D. Pointer
Patrick M. Buelna
Attorneys for Plaintiffs
MELBA SHAHEED and HANEEF SHAHEED

Dated:  October 12, 2021          **BURKE, WILLIAMS & SORENSEN, LLP**

By:  */s/ Michael S. Slater*
Gregory B. Thomas
Michael A. Slater
Attorneys for Defendant
SAN JOAQUIN COUNTY

**SIGNATURE ATTESTATION**

Under Eastern District of California Civil Local Rule 131(e) (Fed. R. Civ. P. 7), I attest that I obtained concurrence in the filing of this document from all of the above signatories.

By: /s/     *Michael A. Slater*
Michael A. Slater

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

////

////

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: October 13, 2021            /s/ DEBORAH BARNES
                                   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Melba Shaheed, et al. County of San Joaquin, et al.*, Case No. 2:21-cv-01109-JAM-DB, United States District Court, Eastern District of California. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to penalties, including without limitation sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order. If I am entering into this Acknowledgment and Agreement as an expert retained by a party to this case or its counsel, I represent I have specialized knowledge or experience in a matter pertinent to this lawsuit, I have been previously qualified as an expert in a court of law in the field of expertise for which I am being retained in this case, and I have been retained by a party to this case or its counsel to serve as an expert witness or as a consultant in this lawsuit.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____